**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Criminal Action No. 13-cr-0454-WJM-1

UNITED STATES OF AMERICA,

 Plaintiff,

v.

1. **JOEL RODRIGUEZ PADILLA**,

 Defendant.

**ORDER ON PRETRIAL MOTIONS**

  This matter is before the Court on ten pretrial motions filed by Defendant Joel Rodriguez Padilla ("Defendant"). (ECF Nos. 29, 30, 31, 32, 33, 34, 35, 36, 37, 39.) The Court will address each pending motion in turn below.

## I. MOTION FOR DISCLOSURE PURSUANT TO FEDERAL RULES OF EVIDENCE 404(b) AND 609

  Defendant moves for an order requiring the Government to disclose any evidence it intends to introduce pursuant to Federal Rules of Evidence 404(b) and 609. (ECF No. 29.) The Government states in its Response that it has already disclosed the Rule 404(b) evidence it intends to introduce (*see* ECF No. 28), and describes two prior convictions that it intends to introduce pursuant to Rule 609 if Defendant testifies at trial. (ECF No. 43 at 2.)

  Given the Government's compliance with Defendant's requests, the Motion for Disclosure Pursuant to Rules 404(b) and 609 (ECF No. 29) is denied as moot.

## II. REQUEST FOR NOTICE OF INTENT TO INTRODUCE RULE 807 EVIDENCE

Defendant moves for an order directing the Government to provide notice of any statements it intends to introduce pursuant to Federal Rule of Evidence 807. (ECF No. 30.) Rule 807 is the "residual exception" to the hearsay rule. Fed. R. Evid. 807.

The Government does not object to Defendant's Motion. It states that it does not currently intend to introduce any evidence under Rule 807, but is aware that Rule 807 requires it to provide notice of any such evidence well in advance of trial, and will do so should it later determine that it will introduce such evidence. (ECF No. 44 at 2.) The Court sees no reason to question the Government's representations. Accordingly, Defendant's Request for Notice of Intent to Introduce Evidence Pursuant to Rule 807 (ECF No. 30) is denied.

## III. MOTION TO DISCLOSE AND PRODUCE *BRADY* (EXCULPATORY) MATERIAL

Defendant asks the Court to require the Government to produce a litany of discovery materials that Defendant claims may be exculpatory, for which production is required pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). (ECF No. 31.) Specifically, Defendant requests disclosure of any evidence or information relevant to impeachment of a Government witness, such as criminal records, contradictory statements, or other sources of bias, and offers of rewards or immunity to such witnesses.[1] (*Id.* at 2-3, 5.) Defendant also requests information refuting Defendant's participation in the alleged offenses, including transcripts of Grand Jury testimony, any

---

[1] Defendant's request for disclosure of promises of immunity and leniency is encompassed in Defendant's Motion to Compel Disclosure of Existence and Substance of Promises of Immunity, Leniency or Preferential Treatment (ECF No. 34). The Court will discuss this request below within its discussion of that Motion.

statement or confession made by Defendant, or any expert statement corroborating Defendant's theory of defense. (*Id.* at 3-6.) Defendant further requests information that would lessen the impact of the Sentencing Guidelines on the Defendant in the event he is convicted. (*Id.* at 6.)

As to the Government's discovery obligations under *Brady* and *Giglio v. United States*, 405 U.S. 150 (1972), the Government responds that it is aware of such obligations and that it is complying with the same. (ECF No. 45 at 2-4.) As such, the Government states that it will promptly disclose *Giglio* materials when it makes the determination of which witnesses it will call at trial, and notes that it has disclosed, or was at the time of its Response in the process of disclosing, evidence that would tend to contradict, minimize, or refute Defendant's participation in the alleged offenses. (*Id.* at 3-4.) As to confessions made by Defendant, the Government notes that it has already disclosed three statements Defendant made, and is unaware of any other such statements. (*Id.* at 5.) As to Grand Jury transcripts, the Government notes that it had at the time of its Response requested but had not yet received the transcript, but states that it intends to provide a copy to Defendant when it is received. (*Id.* at 4, 7.) Based on the Government's representations, there is no need for an order compelling this discovery, and Defendant's Motion is denied.

To the extent that the Government deems Defendant's requests as exceeding the scope of its discovery obligations, the Government objects to such disclosure. (*Id.* at 3-4, 6 (further noting that Defendant's request for expert statements supporting his theory of defense is premature, as Defendant has not disclosed his theory of defense to

the Government).)  The Court notes that Defendant's requests are general in nature; Defendant has not specified any particular evidence that has not been disclosed or otherwise provided any basis for the Court to question the Government's representations.  Accordingly, the Motion to Disclose and Produce *Brady* (Exculpatory) Material (ECF No. 31) is denied.

The Court notes, however, that the denial of this motion does not relieve the Government of its obligations pursuant to Federal Rule of Criminal Procedure 16, *Brady*, *Giglio*, or the Discovery Conference Memorandum and Order.  The Court's ruling is only premised on Defendant's failure to show any entitlement to production that would go beyond the obligations set forth therein.  To the extent Defendant has good cause to believe that the Government is not living up to its disclosure obligations, he is free to file a motion identifying the relevant evidence and setting forth the requisite facts to meet the applicable burden.

### IV.  MOTION FOR PRODUCTION OF *BRUTON* AND RULE 801(d)(2)(E) MATERIALS AND MOTION FOR PRETRIAL *JAMES* DETERMINATION OF ADMISSIBILITY OF ALLEGED CO-CONSPIRATOR STATEMENTS

Defendant moves for an order requiring the Government to produce "any and all evidence regarding statements of any charged or uncharged co-conspirator, or alleged accomplice in this case," as well as for a pretrial determination of the admissibility of co-conspirator statements.  (ECF No. 32 at 1.)

Federal Rule of Evidence 801(d)(2)(E) excludes certain out-of-court statements from the definition of hearsay if the declarant was a co-conspirator of the defendant and the statements were made during and in furtherance of the conspiracy.  However, as

the Government points out in its Response, in this case Defendant is not charged with any conspiracy count, nor do any co-conspirator or accomplice statements exist. (ECF No. 46 at 2.) Defendant appears to have filed this Motion as a matter of course, and has failed to explain the relevance of this Motion to the case at issue.

The Court therefore finds that Rule 801(d)(2)(E) is inapplicable here, obviating any need for a pretrial *James* hearing or an order compelling the disclosure of *Bruton* materials. Accordingly, Defendant's Motion for Production of *Bruton* and Rule 801(d)(2)(E) Materials and Motion for Pretrial *James* Determination of Admissibility of Alleged Co-Conspirator Statements (ECF No. 32) is denied.

### V.  MOTION TO DISCLOSE IDENTITY OF INFORMANTS

Defendant moves for disclosure of the identity and whereabouts of any confidential informant involved with the investigation of this case or whose testimony will be offered at trial. (ECF No. 33.) In response, the Government states that, while it received information from confidential informants in this case, no informant was an eyewitness to the charged crime and it does not intend to call any informant as a witness at trial. (ECF No. 47 at 2.) Therefore, the Government has asserted its privilege to refuse to disclose the identity of its confidential informants in accordance with *Roviaro v. United States*, 353 U.S. 53 (1957). (*Id.*)

Once the Government invokes its privilege under *Roviaro*, "[a] defendant seeking to force disclosure of an informant's identity has the burden to show the informant's testimony is relevant or essential to the fair determination of defendant's case. In determining whether to require disclosure, a court must balance the public interest in

protecting the flow of information against the individual's right to prepare his defense." *United States v. Gordon*, 173 F.3d 761, 767 (10th Cir. 1999) (citing *Roviaro*, 353 U.S. at 62). In balancing these interests, the Court must consider the crime charged, the possible defenses, and the significance of the informant's testimony. *Id.* "Where it is clear that the informant cannot aid the defense, the government's interest in keeping secret [the informant's] identity must prevail over the defendant's asserted right of disclosure." *United States v. Sinclair*, 109 F.3d 1527, 1538 (10th Cir. 1997).

Here, Defendant does not even attempt to make the required showing that disclosure of the informant is necessary to his defense. (*See* ECF No. 33 at 2.) Instead, Defendant argues that "voluntary disclosure by the Government should be encouraged for fundamental fairness, and to avoid a deprivation of due process of law to the Defendant." (*Id.*) In the absence of the requisite showing of necessity, the Defendant is not entitled to the disclosure of the identity and whereabouts of the non-testifying informant at issue here. *Sinclair*, 109 F.3d at 1538. Accordingly, Defendant's Motion to Disclose Identity of Informants (ECF No. 33) is denied.

## VI.  MOTION TO COMPEL DISCLOSURE OF EXISTENCE AND SUBSTANCE OF PROMISES OF IMMUNITY, LENIENCY OR PREFERENTIAL TREATMENT

Citing *Giglio v. United States*, Defendant moves to compel disclosure of any promises or agreements between the Government and any witness, informant, or cooperating defendant wherein the Government has promised immunity, leniency, not to prosecute, or other preferential treatment. (ECF No. 34 at 1-4.) The Government notes that *Giglio* applies only to Government witnesses who will testify at trial. (ECF No. 48 at 2.) The Court agrees that the Government's *Giglio* obligations are limited to

testifying witnesses. *See United States v. Green*, 178 F.3d 1099, 1109 (10th Cir. 1999).

Given the Government's statement that it will promptly disclose all *Giglio* materials when it determines which witnesses it will call to testify (ECF No. 48 at 2), the Court finds no basis on which to grant Defendant's Motion. Accordingly, Defendant's Motion to Compel Disclosure of Existence and Substance of Promises of Immunity, Leniency or Preferential Treatment (ECF No. 34) is denied, subject to renewal should Defendant identify specific *Giglio* materials that the Government has failed to disclose.

### VII.  REQUEST FOR NOTICE OF GOVERNMENT'S INTENT TO USE 12(b)(2) EVIDENCE

Defendant moves for an order requiring the Government to provide notice of any evidence it intends to present in its case in chief pursuant to Federal Rule of Criminal Procedure 12(b)(2). (ECF No. 35.) Defendant lists eight categories of such evidence in his Motion. (*Id.* at 1-2.)

The Government does not oppose disclosure of the requested evidence, and in its Response, the Government provides notice of evidence it intends to introduce in each of Defendant's eight enumerated categories. (ECF No. 49 at 1-3.) Given the Government's compliance with Defendant's request, the Court sees no need for an order compelling such compliance. Accordingly, Defendant's Request for Notice of Government's Intent to Use Evidence (ECF No. 35) is denied as moot.

### VIII.  MOTION TO PRESERVE RECORDINGS AND NOTES

Defendant moves for an order requiring the Government to preserve for trial and produce for defense counsel's inspection the following: (1) original handwritten notes

7

and/or recordings of interviews taken by law enforcement with persons who will or may be witnesses at trial; (2) original notes and/or recordings made by law enforcement officers in connection with the investigation of this case; and (3) original notes and/or recordings made in connection with the investigation by any person who will or may be a witness at trial.  (ECF No. 36 at 1-2.)  Defendant contends that the Government is obligated to preserve all potentially discoverable evidence, including handwritten notes by those who may be witnesses.  (*Id.* at 2 (citing *United States v. Bryant*, 493 F.2d 642 (D.C. Cir. 1975); *United States v. Harris*, 543 F.2d 1247 (3d Cir. 1977)).)  Defendant also asserts that the Government is obligated to preserve such evidence because it may be *Brady* material.  (*Id.*)

      The Government first notes that it has already notified the case agent in this matter that he must preserve all notes and recordings pertaining to this case.  (ECF No. 50 at 2.)  Accordingly, the Government has already complied with the majority of Defendant's requests.  Secondly, the Government notes that it has and will disclose the contents of such notes as memorialized in reports or other documents, which satisfy its disclosure obligations, and states that it will produce any evidence not previously provided to Defendant as required by Rule 16, *Brady*, and *Giglio*.

      Under Tenth Circuit precedent, the contemporaneously written notes and/or recordings of a witness interview may be *Brady* material.  *See United States v. Sullivan*, 919 F.2d 1403, 1426-27 (10th Cir. 1990); *see also United States v. Lane*, 574 F.2d 1019, 1022 (10th Cir. 1978).  Interview notes may also be "statements" that must be produced under the Jencks Act.  *See United States v. Smith*, 984 F.2d 1084, 1086

(10th Cir. 1993) (interview notes which were contemporaneously recorded, substantially verbatim recitals of a witness's oral statement were within the Jencks Act).

Given the Government's representations that it has already requested the preservation of such evidence and is complying with its discovery obligations, the Court sees no need for an order compelling the Government to do the same. Accordingly, Defendant's Motion for Preservation of Recordings and Notes (ECF No. 36) is denied as moot. As stated above, the Court expects that the Government will continue to abide by its obligations under *Brady*, *Giglio*, the Jencks Act, Rule 16, and the Court's Discovery Memorandum and Order, and that the Government will preserve the requisite evidence and timely produce any material necessary to meet such obligations.

## IX. REQUEST FOR NOTICE OF INTENT TO CALL EXPERT WITNESSES AND DISCOVERY PURSUANT TO RULE 16(a)(1)(F) & (G)

Defendant moves under Federal Rule of Criminal Procedure 16(a)(1)(F) and (G) for an order compelling the Government to notify him of its intent to call expert witnesses pursuant to Federal Rules of Evidence 702, 703, or 705. (ECF No. 37 at 1.) The Government does not object to Defendant's request, and notes in its Response that it has already produced reports of examinations and tests, including the analyses of the alleged controlled substance and fingerprints. (ECF No. 51 at 1-2.) The Government also previously provided Defendant with a summary of the testimony it intends to elicit from the experts involved in conducting those analyses. (*Id.* at 2.) Finally, the Government commits to disclosing any future evidence subject to Defendant's request as it becomes necessary. (*Id.*)

Given the Government's representations and compliance with Defendant's requests, there is no need for an order compelling such disclosure. Accordingly, Defendant's Request for Notice of Intent to Call Expert Witnesses and Discovery Pursuant to Rule 16(a)(1)(F) and (G) (ECF No. 37) is denied as moot.

## X. MOTION TO SUPPRESS FRUITS OF SEARCHES

Defendant moves to suppress the fruits of multiple searches conducted in the Government's investigation of this case on the basis that the warrants supporting those searches are insufficient on their face. (ECF No. 39 at 3.) Defendant contends that: (1) the warrant affidavit fails to establish probable cause; (2) the warrants lack the particularity required by the Fourth Amendment; and (3) the search warrant for Defendant's home at 1577 S. Richfield Way had a typographical error ("1557" S. Richfield Way), which made the place to be searched ambiguous. (*Id.* at 3-4.) Defendant concedes that no evidentiary hearing is necessary to resolve the Motion. (ECF No. 55 at 2.)

An affidavit signed by Special Agent Andreas J. McKee of the Department of Homeland Security ("Agent McKee") was used to support all seven warrants issued in this case. (*See* ECF No. 39-4 at 1.) According to Agent McKee, Defendant (known throughout the warrant affidavit as Isaias Rodriguez Padilla) was identified by a confidential source in April 2012 as a source of marijuana grown on National Forest land in Colorado. (*Id.* at 4.) Based on Agent McKee's affidavit, seven search warrants were issued on October 8, 2013 authorizing searches of the following places: (1) Defendant's 2007 black Toyota FJ Cruiser; (2) Defendant's home located at 1577

South Richfield Way; (3) Defendant's 2002 tan Chevy Avalanche; (4) Defendant's brother's 2007 gold Chevy Tahoe;[2] (5) Defendant's 2008 silver Toyota Tundra; (6) Defendant's home located at 6790 Green Court; and (7) Defendant's 2005 green Honda Element.  (ECF No. 39 at 2-3, Exs. D-J.)  Searches were conducted pursuant to these warrants and evidence was seized.

Pursuant to the Fourth Amendment to the U.S. Constitution, a search warrant must be supported by probable cause and must describe with particularity the place to be searched and the items to be seized.  Probable cause exists if the facts included in the warrant affidavit "would lead a prudent person to believe there is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Basham*, 268 F.3d 1199, 1203 (10th Cir. 2001) (further noting that courts should review the totality of the circumstances to determine whether "the issuing magistrate had a substantial basis for concluding that probable cause existed").  "[A] warrant meets the Fourth Amendment's particularity requirement 'when it enables a searcher to reasonably ascertain and identify the things to be seized.'" *United States v. Le,* 173 F.3d 1258, 1271 (10th Cir. 1998).  A place to be searched is sufficiently particularized if "the description is sufficient to enable the executing officer to locate and identify the premises with reasonable effort . . . ." *United States v. Lora-Solano,* 330 F.3d 1288, 1293 (10th Cir. 2003).  "As a general matter, if the search or seizure was pursuant to a warrant, the defendant has the burden of proof" to demonstrate that it

---

[2] Defendant concedes that he does not have standing to challenge the warrant authorizing the search of his brother's 2007 gold Chevy Tahoe.  (ECF No. 39 at 3.)

violated the Fourth Amendment. *United States v. Maestas*, 2 F.3d 1485, 1491 (10th Cir. 1993) (citations and quotation marks omitted).

As to Defendant's first argument, the Court finds that the affidavit sufficiently establishes probable cause to conduct the searches at issue. The affidavit describes an investigation spanning multiple years of a drug trafficking operation in which Defendant allegedly participated, and establishes connections between the places identified in the warrants and the unlawful activity. (*See* ECF No. 39-4 at 3-47.) The facts alleged in the affidavit properly establish a substantial basis for the issuance of the warrants. Defendant's Motion is cursory and fails to make any specific argument regarding the lack of facts constituting probable cause. (*See* ECF No. 39 at 3.) Accordingly, the Court finds the warrants sufficient as to the probable cause requirement.

As to Defendant's particularity argument, the Motion is equally cursory in alleging that the warrants were overbroad. (*See id.* at 4.) Defendant merely cites case law outlining the scope of the particularity requirement and fails even to explain whether he is challenging the particularity of the place to be searched, items to be seized, or both. (*Id.*) On review of the warrants and affidavit, which together identify and describe specific residences and vehicles to be searched and enumerate the items to be seized, the Court finds that they satisfy the Fourth Amendment particularity requirement.

With respect to Defendant's third argument challenging the warrant authorizing the search of Defendant's home at 1577 S. Richfield Way, Defendant's Motion explains that while the face of the warrant includes the number "1557 S. Richfield Way" (*see*

ECF No. 39-6), the attachment describing the property describes it as "1577 S. Richfield Way" (ECF No. 39-1 at 2). Because these numbers do not correspond, Defendant argues that "there is nothing in the warrant that would allow an officer executing the warrant to know which of the two addresses is the correct address and which is the incorrect address." (ECF No. 39 at 3.) Therefore, Defendant contends that the warrant does not "particularly describe . . . the place to be searched." (*Id.* (quoting *Dalia v. United States*, 441 U.S. 238, 255 (1979)).)

The Government admits that the warrant contained a typographical error, but argues that it does not lack particularity because the attachment sufficiently describes the property to be searched.[3] (ECF No. 53 at 3-5.) The Government cites Tenth Circuit authority holding that "a clerical error as to the number of the house to be searched does not entail an error as to which house would, in fact be searched. '[P]ractical accuracy rather than technical precision controls the determination of whether a search warrant adequately describes the premises to be searched.'" *Lora-Solano*, 330 F.3d at 1293 (citing *United States v. Dorrough*, 927 F.2d 498, 500 (10th Cir. 1991)). The Tenth Circuit has stated that "[a] technically wrong address does not invalidate a warrant if it otherwise describes the premises with sufficient particularity so that the police can ascertain and identify the place to be searched." *Id.*

Here, the warrant states "1557 South Richfield Way, Aurora, Colorado, 80017, more fully described in Attachment A, attached hereto". (ECF No. 39-6.) Attachment

---

[3] The Government also contends that Defendant does not have standing to challenge the search at 1577 South Richfield Way because he neither owned the residence nor resided there. (ECF No. 53 at 5.) As Defendant's Motion fails on the merits, the Court will assume without deciding that Defendant may properly challenge this warrant.

A contains not only the correct address of 1577 South Richfield Way, but also contains a photograph of the property, wherein the number "1577" can be made out, and describes it as follows:

> The structure is a two story single family house with an attached garage. South Richfield Way runs southwest to northeast through the neighborhood. The residence is the third house from South Pitkin Street on the southwest end and faces southeast onto South Richfield Way. The backyard shares a fence with the backyard of a house on South Pitkin Circle. The house is off white to light tan in color with a darker tan trim. The siding on either side of the garage door is a gray brick. The numbers 1577 are above the garage door to the right side. When facing the front of the house, there is a deciduous tree to the left of the driveway and the mailbox marked with 1577 is against the sidewalk on the property line to the northeast. A cedar fence surrounds the backyard and the gate to the backyard is on the southwest side of the garage. The roof is light brown asphalt shingles.

(ECF No. 39-1 at 2.) The description in Attachment A thoroughly describes the place to be searched and contains the correct address number three times in text and once in a photograph, which provides sufficient information to identify the residence and cures the defect on the face of the warrant itself. *See Lora-Solano*, 330 F.3d at 1293. Therefore, the Court finds that the typographical error does not cause the warrant to lack particularity.

Accordingly, Defendant's Motion to Suppress Fruits of Illegal Searches Pursuant to Warrants (ECF No. 39) is denied.

## XI.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Defendant's Motion for Disclosure Pursuant to Rules 404(b) and 609 (ECF No. 29), Request for Notice of Government's Intent to Use Evidence (ECF No. 35), Motion for Preservation of Recordings and Notes (ECF No. 36), and Request for

      Notice of Intent to Call Expert Witnesses and Discovery Pursuant to Rule 16(a)(1)(F) and (G) (ECF No. 37) are DENIED AS MOOT;

2. Defendant's Request for Notice of Intent to Introduce Evidence Pursuant to Rule 807 (ECF No. 30), Motion to Disclose and Produce *Brady* (Exculpatory) Material (ECF No. 31), Motion for Production of *Bruton* and Rule 801(d)(2)(E) Materials and Motion for Pretrial *James* Determination of Admissibility of Alleged Co-Conspirator Statements (ECF No. 32), Motion to Disclose Identity of Informants (ECF No. 33), Motion to Compel Disclosure of Existence and Substance of Promises of Immunity, Leniency or Preferential Treatment (ECF No. 34), and Motion to Suppress Fruits of Illegal Searches Pursuant to Warrants (ECF No. 39) are DENIED; and

3. The Trial and Final Trial Preparation Conference will be reset by separate order.

Dated this 30th day of July, 2014.

BY THE COURT:

_____
William J. Martinez
United States District Judge